**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Cathy Zee Anderson, as personal representative of the Estate of Donald S. Goldberg, <br><br> Plaintiff <br> v. <br><br> United States of America, <br><br> Defendant | Case No.: 2:24-cv-01737-JAD-EJY <br><br> **Order Overruling Objections to the Magistrate Judge's Report and Recommendation and Denying Motion for Leave to File Amended Complaint** <br><br> [ECF Nos. 23, 29, 30] |

Cathy Zee Anderson, as the personal representative of Donald S. Goldberg's estate, sues the United States of America after Goldberg died in a plane crash at the North Las Vegas Airport. On October 3, 2025, Anderson moved for leave to file an amended complaint adding herself and her two brothers as individual plaintiffs and increasing her request for property damages to include the full cost of the plane Goldberg was piloting when it crashed. The magistrate judge recommends denying that motion because Anderson filed it four months after the deadline for amended pleadings had expired and she did not show good cause or excusable neglect to justify extending that deadline. The magistrate judge also concluded that amendment to Anderson's property-damage request would be futile because the owner of the aircraft—Gold Aero Aviation—is not a plaintiff in this case, and Anderson had failed to "explain how [she], or any proposed individual plaintiff, could seek recovery of the value of an aircraft they do not own."[1]

Anderson objects only to the magistrate judge's recommendation that she cannot amend her complaint to include the cost of the plane in her damages request. She contends that Gold

---

[1] ECF No. 29 at 11.

Aero dissolved in 2024, and because Goldberg was the only member of the company, his estate absorbed its assets. But Anderson did not raise that contention before the magistrate judge, and she fails to attach any documentation supporting her arguments that Gold Aero was dissolved or that Goldberg's estate now controls its assets. So I overrule Anderson's objections, adopt the magistrate judge's report and recommendation in its entirety, and deny the motion for leave to file an amended complaint.

**Discussion**

When a party objects to a magistrate judge's report and recommendation on a dispositive issue, the district court must conduct a de novo review of the challenged findings and recommendations.[2] The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," "receive further evidence," or "recommit the matter to the magistrate judge with instructions."[3]

Because Anderson objects only to the magistrate judge's finding that Anderson cannot amend her complaint to increase the estate's property-loss claim, I review de novo just that portion of the magistrate judge's report and recommendation. The magistrate judge concluded that Gold Aero Aviation owned the Piper Malibu plane that Goldberg was piloting at the time of the accident, and because Anderson failed to explain how Goldberg's estate could claim the cost of a plane that he did not own, amendment to add that loss to the complaint would be futile.[4] She also rejected Anderson's claim that the loss could be included because Goldberg was the

---

[2] Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B); L.R. IB 3-2(b) (requiring a district judge to review de novo only the portions of a report and recommendation addressing a case-dispositive issue that a party objects to).

[3] 28 U.S.C. § 636(b)(1).

[4] ECF No. 29 at 11.

sole member of Gold Aero, explaining that under Nevada law, "[a] member of a limited-liability company is not a proper party to proceedings by or against the company, except [if] the object is to enforce the member's right against or liability to the company."[5]

Anderson objects to this conclusion, arguing that "Gold Aero was dissolved in September 2024" and, because Goldberg was the sole individual member of the company, "Gold Aero's assets (which necessarily include the Piper Malibu aircraft) were transferred into the estate as part of the probate process after Goldberg's death."[6]  The government responds that (1) Anderson didn't raise these points in the briefing before the magistrate judge, so I should not consider them, and (2) Anderson does not provide any support for her attorney argument that Gold Aero dissolved and that its assets now belong to Goldberg's estate, and it hasn't provided any discovery supporting those contentions either.[7]

I overrule Anderson's objection.  "A district court is not required to consider new evidence in reviewing a magistrate judge's recommendation."[8]  As the Ninth Circuit has concluded, "requir[ing] a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court."[9]  Anderson did not include facts about Gold Aero's dissolution in her motion for leave to amend or her proposed amended complaint, and she did not file a reply in support of her motion before the magistrate judge.[10]  So

---

[5] *Id.* (quoting Nev. Rev. Stat. § 86.381).

[6] ECF No. 30 at 2 (cleaned up).

[7] ECF No. 31.

[8] *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000) (citing *United States v. Raddatz*, 447 U.S. 667 (1980)).

[9] *Id.*

[10] *See* ECF No. 23 (original motion and proposed amended complaint).

I exercise my discretion not to consider Anderson's supplemental factual allegations presented for the first time in her objection.

But, even if I were to consider Anderson's allegations, she has failed to present anything but attorney argument to support them.[11]  Neither has she produced any documentation of Gold Aero's dissolution in her initial disclosures or in response to the government's request for any documents supporting the estate's standing to seek damages related to the Piper Malibu.[12]  I cannot conclude on this paucity of evidence that Anderson's motion to amend the complaint's property-loss request would not be futile.  So I overrule Anderson's objection, adopt the magistrate judge's recommendation, and deny the motion for leave to amend.

### Conclusion

IT IS THEREFORE ORDERED that Cathy Zee Anderson's objection to the magistrate judge's report and recommendation **[ECF No. 30] is OVERRULED**.  The magistrate judge's report and recommendation **[ECF No 29] is ADOPTED** in its entirety, and the motion for leave to file an amended complaint **[ECF No. 23] is DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
May 18, 2026

---

[11] *See* ECF No. 30.

[12] *See* ECF No. 31 at 6–7; ECF No. 31-1 at ¶¶ 1–5 (decl. of government counsel Ashley Dempsey, averring that the United States has not received any discovery production related to Gold Aero's dissolution or the transfer of Gold Aero's assets to Goldberg's estate).